UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK G., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-02414-TAB-TWP |
| FRANK BISIGNANO Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S REQUEST FOR REMAND**

## I. Introduction

Plaintiff Mark G. appeals the Social Security Administration's denial of his application for disability benefits. [Filing No. 11.] The Administrative Law Judge found that Plaintiff had severe impairments but could perform work with restrictions. [Filing No. 9-2, at ECF p. 30-58.] Plaintiff argues that the ALJ failed to build a logical bridge between her assessment of the evidence, including medical opinions, and the RFC. The Commissioner opposes those arguments. [Filing No. 15.] The record shows that the ALJ's decision is internally inconsistent and fails to explain departures from medical opinions deemed persuasive. Therefore, Plaintiff's request for remand [Filing No. 11] is granted.

## II. Background

Plaintiff applied for Social Security benefits alleging that he has been disabled since December 26, 2022. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled under the SSA's five-step method.

At step one, the ALJ concluded that, since his alleged onset date, Plaintiff had not engaged in substantial gainful activity. [Filing No. 9-2, at ECF p. 30.] At step two, the ALJ concluded that Plaintiff suffered from the following severe impairments: seizures, lumbar degenerative disc disease, pancreatitis, diabetes mellitus, migraines, headaches, and a history of alcohol abuse disorder. [Filing No. 9-2, at ECF p. 31.] At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listed impairment in 20 C.F.R. 404, Subpart P, App'x. 1. [Filing No. 9-2, at ECF p. 35-37.] Before step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work. The ALJ assessed the following RFC:

> [Plaintiff can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following limitations: occasional balancing, stooping, kneeling, crouching, and climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; no exposure to extreme heat, extreme cold, humidity, wetness, vibrations, or to hazards, such as unprotected heights or dangerous machinery; no requirements for driving.

[Filing No. 9-2, at ECF p. 37.]

At step four, the ALJ concluded that Plaintiff was unable to perform past relevant work as an industrial-truck operator and bus driver. [Filing No. 9-2, at ECF p. 55-56.] At step five, the ALJ concluded that, given Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, including an inspector/hand packager, office helper, and mail clerk. [Filing No. 9-2, at ECF p. 56-57.] Ultimately, the ALJ concluded that Plaintiff was not disabled.

**III. Discussion**

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence. *See, e.g.*, *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). However, "[t]he court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citation, quotation marks, and brackets omitted). Rather, "it is the role of the Court to ensure that the ALJ builds a logical bridge between the evidence and her conclusions, and that the ALJ meaningfully confronts and explains departure from evidence in the record that would support additional limitations." *Sabrina P. v. Kijakazi*, No. 1:20-cv-02814-TAB-TWP, 2021 WL 6061749, at *3 (S.D. Ind. Nov. 24, 2021).

**A. Opinion evidence**

In the present case, the ALJ failed to build a logical bridge between her assessment of medical opinions and the RFC. State agency physicians J. V. Corcoran and Shayne Small reviewed Plaintiff's medical records. They both opined that, along with postural and environmental limitations, Plaintiff could lift 10 pounds frequently and 20 pounds occasionally and sit and/or stand for four hours in an eight-hour workday. [Filing No. 9-3, at ECF p. 8, 20-21.] Dr. Small also opined that Plaintiff could perform only frequent handling in one or both hands.[1] [Filing No. 9-3, at ECF p. 21.]

The ALJ's decision claims to "adopt" the RFC opinions of these agency doctors with added "seizure safeguards." [Filing No. 9-2, at ECF p. 55.] Specifically, the ALJ concluded that

[1] Dr. Small's report was vague as to whether the handling limitation applied to both hands or just the left hand. [Filing No. 9-3, at ECF p. 21.] Her report limits Plaintiff to frequent gripping, but it does not specify whether this limitation applies to the right or left hand or bilaterally. In support of this limitation, the report only identifies left-sided limitations. However, as Plaintiff points out, the record contains evidence that, arguably, supports bilateral limitations. [Filing No. 16, at ECF p. 6.]

Drs. Corcoran and Small's opinions are "persuasive in part; however, given the claimant's degenerative disc disease, seizures, neuropathy, and asthma, [the ALJ] also included [environmental and driving limitations in the RFC.]" [Filing No. 9-2, at ECF p. 55.] The decision never expressly rejects any portion of their opinions. Rather, the ALJ's discussion suggests that the ALJ determined that Plaintiff's impairments warranted an RFC slightly more restrictive than that assessed by Drs. Corcoran and Small.

Yet, inexplicably, the ALJ's RFC contains less restrictive exertional and manipulative limitations. It does not account for the four-hour walking/standing limitation contained in the reports of both agency doctors or the handling restriction contained in Dr. Small's report. The ALJ's decision mentions that Dr. Small limited Plaintiff to "frequent handling or gross manipulation with the left upper extremity" but fails to explain the RFC's omission of any handling limitation. Moreover, the ALJ's decision never acknowledges that both agency doctors assessed four-hour walking/standing limitations or explain any departure from that significant exertional limitation. The decision suggests that the exertional limitation of "light work" is consistent with these opinions. It is not. "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Thus, the RFC indicates that Plaintiff can walk or stand two more hours a day than Drs. Corcoran and Small opined Plaintiff could do. Other than expressing a need for additional environmental limitations, the ALJ does not explain any divergence from their opinions or state any basis for discounting them. Therefore, the ALJ has failed to build a logical bridge between the RFC and the opinions on which the ALJ purportedly based the RFC.

The Commissioner argues that this error is harmless because the vocational expert testified that an individual who could only walk and/or stand for four hours and handle with the left hand frequently, and who was otherwise limited as described in the ALJ's RFC, could still work as an inspector/hand packager, office helper, and mail clerk. [Filing No. 15, at ECF p. 7 (citing Filing No. 9-2, at ECF p. 88).] "But the fact that the [ALJ], had she considered the entire record, might have reached the same result does not prove that her failure to consider the evidence was harmless." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (remanding where careful consideration of all evidence might have resulted differently). An error is harmless only if a court is "convinced" that the ALJ would reach the same result on remand. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011).

As Plaintiff aptly notes, "[the Commissioner's] argument assumes no harm on the basis that he can predict how the ALJ would have interpreted the evidence and what limits the ALJ would have assessed, had the ALJ engaged in the proper analysis." [Filing No. 16, at ECF p. 6.] The ALJ appears to have misunderstood the exertional opinions and inexplicably disregarded Dr. Small's opinion as to the need for manipulative limitations. Proper consideration of this evidence could have altered the ALJ’s interpretation of other evidence, such as the persuasiveness of Plaintiff's subjective reports and the opinions of agency examiners. For instance, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments were "not entirely consistent" with the evidence. However, realization of the additional exertional restrictions may have bolstered Plaintiff's subjective reports. Likewise, the ALJ found the opinions of two agency examining physicians to be unpersuasive. One examiner limited Plaintiff to occasional standing, walking, and handling. [Filing No. 9-2, at ECF p. 52-53.] The other limited Plaintiff to standing and walking "on a frequent basis or on an occasional

basis." [Id.] No one can predict how the ALJ may have weighed those opinions and altered the RFC if she had realized the full scope of limitations contained in the competing medical opinions of Drs. Corcoran and Small. The Court is not convinced that the ALJ would have reached the same conclusion had she considered all limitations contained in the agency doctors' reports. *See McKinzey*, 641 F.3d at 892. Therefore, reversal is warranted.

**B. Duty to recontact consultative examiners**

In his reply brief, Plaintiff briefly argues that the ALJ erred by discounting agency consultative examiner Dr. Sharle Newman's opinion as vague without attempting to recontact her for clarification. [Filing No. 16, at ECF p. 5.] Typically, underdeveloped arguments and arguments raised for the first time in the reply are waived. *Wonsey v. City of Chicago*, 940 F.3d 394, 398-99 (7th Cir. 2019); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010). However, in the interest of avoiding a subsequent remand, the Court will address the ALJ's inadequate handling of the opinion evidence from agency examiners.

SSA regulations require an ALJ to recontact an agency examiner for more information if the examiner's report is inadequate or incomplete. 20 C.F.R. §§ 416.919p, 404.1519p. "[I]f an ALJ considers the consultative examiner's report to be 'vague,' or otherwise 'deficient,' the ALJ should seek 'additional clarification before discounting it outright.'" *La'Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at *5 (S.D. Ind. May 15, 2025) (quoting *Paul v. Berryhill*, 760 F. App'x 460, 463-64 (7th Cir. 2019)); *see also* *Cieszynski v. Kijakazi*, No. 22-2024, 2023 WL 2523499, at *5 (7th Cir. Mar. 15, 2023) (finding that an ALJ had a "regulatory duty" to recontact a consulting examiner if the ALJ was concerned that the examiner's report did not provide specific limitations or adequately explain his conclusions); *Joshua R. v. Bisignano*, No. 1:25-cv-02300-TAB-JRS, 2026 WL 2329609, at *3 (S.D. Ind. Aug. 12, 2026) ("[I]f the ALJ

found the report inadequate for its intended purpose—to help the ALJ determine disability—then she should have recontacted [the agency examiner] under § 416.919p.").

During the course of this claim, the SSA required Plaintiff to attend three consultative exams—two physical exams and a psychological exam. The ALJ discounted the opinions of all three agency examiners based on vagueness or similar deficiencies that could potentially have been cured by recontacting the examiner. [Filing No. 9-2, at ECF p. 52-54.] On remand, the ALJ should consider recontacting agency examiners before discounting their opinions as inadequate or incomplete.

**C. Remaining arguments**

Having concluded that remand is required for the errors previously discussed, the Court declines to address Plaintiff's additional arguments for remand. Plaintiff argues that the ALJ failed to adequately account for all limitations associated with his seizures, headaches, and non-severe psychological impairments. Upon remand, the ALJ may wish to further consider these issues and ensure that substantial evidence supports the RFC.

## IV. Conclusion

The ALJ failed to construct a logical bridge between the opinion evidence and the RFC. Accordingly, Plaintiff's request for remand [Filing No. 11] is granted. The Commissioner's decision is remanded for further proceedings.

Date: 10/8/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email